THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Aurelio Vincent
 Ottey, Appellant.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2011-UP-290
Heard June 7, 2011  Filed June 14, 2011    

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Deputy Attorney General Donald J. Zelenka, Assistant
 Attorney General Melody Brown, and Solicitor Daniel E. Johnson; all of
 Columbia, for Respondent.
 
 
 

PER CURIAM: Aurelio Vincent Ottey appeals his conviction for
 murder and sentence of life imprisonment after a trial by jury, arguing the
 trial court erred in:  (1) qualifying an officer as an expert in cell phone
 investigation; (2) refusing to allow cross-examination of a witness to show
 bias or motive to misrepresent pursuant to Rule 608(c), SCRE; and (3) finding
 evidence Ottey helped pay for the decedent's abortion inadmissible.  We affirm
 pursuant to Rule 220(b), SCACR.  As to Issue 1:  Rule 702,
 SCRE ("If scientific, technical, or other specialized knowledge will
 assist the trier of fact to understand the evidence or to determine a fact in
 issue, a witness qualified as an expert by knowledge, skill, experience,
 training, or education, may testify thereto in the form of an opinion or
 otherwise."); State v. Holder, 382 S.C. 278, 288, 676 S.E.2d 690,
 696 (2009) ("The admission or exclusion of testimonial evidence falls
 within the sound discretion of the trial court, whose decision will not be
 disturbed on appeal absent abuse resulting in prejudice."). 
 Alternatively, even if we were to find error, we find such error harmless.  See State v. Byers, Op. No. 26976 (S.C. Sup. Ct. filed May 23, 2011)
 (Shearouse Adv. Sh. No. 17 at 23) ("Where guilt has been conclusively
 proven by competent evidence such that no other rational conclusion can be
 reached, an insubstantial error that does not affect the result of the trial is
 considered harmless.").  As to Issue 2:  State v. Johnson, 338 S.C.
 114, 124-25, 525 S.E.2d 519, 524 (2000) (stating absent an abuse of discretion,
 an appellate court will not disturb a trial court's ruling concerning the scope
 of cross-examination of a witness to test credibility or to show possible bias
 or self-interest in testifying).  As to Issue 3:  Rule 403, SCRE (stating
 relevant evidence may be excluded by the trial court if its probative value is
 substantially outweighed by the danger of unfair prejudice, confusion of the
 issues or misleading the jury, or by considerations of undue delay, waste of
 time, or needless presentation of cumulative evidence.).
AFFIRMED.
FEW, C.J.,
 PIEPER, and LOCKEMY, JJ., concur.